## USTICK V. JONES.

The court are not concluded by an entry of their clerk, which has no legal import or signification.

ERROR to reverse a judgment of the County Court, in an action Ustick v. Jones, which action was duly entered in the docket; and in the course of calling, the clerk was informed that said cause was settled, upon which it was omitted to be called, and the clerk entered against it, done; in this situation it lay several days, when the defendant informed the court, that it was not settled and moved to have it called; that the suggestion of its being settled was a mistake; upon which the court ordered said cause to be called, and it was appeared in, and was adjourned with the court to January 1792; when a judgment was entered against the plaintiff upon a nonsuit, for the defendant to recover his cost.

Error assigned — That said action was discontinued and out of court and could not be revived.

By the COURT. There is nothing erroneous in the judgment complained of; it doth not appear that the action was discontinued, or out of court; the entry of the word, done, in the docket by the clerk, might be a memorandum which he understood, but has no legal import which can govern the court or the cause.

## WAY V. CLARK.

Where a writ is dated the 5th of December, 1791, to summon the defendant to appear on the 12th of December "next"—the word next, refers to the month, and is December A. D. 1792.

ERROR to reverse a judgment of a justice; the writ was dated the 5th of December A. D. 1791, and summoned the defendant to answer to said action on the 13th of December next, and judgment was entered up by the justice on the 13th of December A. D. 1791, upon default; judgment was reversed, for next refers to the month which was December A. D. 1792; Nichols v. Lewis, same point adjudged upon a writ of error this court.